**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Willie Carlton Kemmerlin; Ella Mae Kemmerlin<br><br>Plaintiffs,<br>v.<br><br>Robert R. Hill, Jr.; Cheryle Mollycheck; and Nickie Griffith,<br><br>Defendants. | Case No. 2:22-cv-04358-RMG<br><br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 20). The Magistrate Judge recommends dismissing this action with prejudice, without further leave to amend, and without issuance and service of process. Plaintiffs did not object to the R & R. For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

I.    **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

II.    **Discussion**

In this case, Plaintiffs allege that Defendants violated the Truth in Lending Act ("TILA"). The TILA requires creditors to make certain disclosures to borrowers.  When creditors do not comply with the TILA, a borrower may sue for damages subject to the statute of limitations.  An action for damages under the TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640.

On April 7, 2006, Plaintiffs obtained a loan to purchase a mobile home.  (Dkt. No. 10-4 at 1).  Plaintiffs allege that "South State bank did not mention *at consummation* that they had a security interest."  (Dkt. No. 10-2 at 1) (emphasis added).  Plaintiffs also allege that "South state bank has been collecting payment from us *since the beginning of the consummation* of the contract without disclosing their security interest."  (*Id.*) (emphasis added).  Ultimately, Plaintiffs allege that necessary disclosures were not made as required under the TILA.  Consequently, Plaintiffs seek (1) the property for which the loan was obtained; (2) $5,000 per non-disclosure violation; (3) all payments plus interest paid on the loan; and (4) punitive damages, for a total recovery of approximately $652,840.  (*Id.* at 3).

An action under the TILA "may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  The "one-year limitation period applies to claims seeking monetary damages."  *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 202 (D.D.C. 2009).  On the other hand, when a borrower seeks to rescind a contract because a creditor's noncompliance with the TILA, a three-year limitation period applies.  *See, e.g.*, *McIntosh v. Irwin Union Bank & Tr., Co.*, 215 F.R.D. 26, 30 (D. Mass. 2003).  Additionally, the statute of limitation "begins to run

from the date of the violation." *Da Silva v. U.S. Bank, N.A.*, 885 F. Supp. 2d 500, 504 (D. Mass. 2012).

Here, Plaintiffs are seeking monetary damages. Accordingly, the one-year statute of limitations under the TILA applies. Plaintiffs allege that the alleged non-disclosures occurred "at consummation" and the violations occurred "since the beginning of the consummation of the contract." (Dkt. No. 10-2 at 1). Therefore, the statute of limitation began to run in 2006 when the loan was consummated. Thus, the Court agrees with the Magistrate Judge that Plaintiffs' claims are time barred.

The Magistrate Judge also found that Plaintiffs failed to state a federal claim. (Dkt. No. 20 at 5–10). After a careful review of the record in this matter and the R & R, the Court finds that the R & R ably summarizes the legal and factual issues in this matter and correctly concludes that this action should be dismissed. The Court adopts the R & R (Dkt. No. 20) as the order of the Court.

## III.   Conclusion

For the reasons set forth above, the Court adopts the R & R (Dkt. No. 20) as the Order of the Court and dismisses this action with prejudice, without further leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel__
Richard Mark Gergel
United States District Judge

January 9, 2024
Charleston, South Carolina